WILLIAM B. REYNOLDS, Defendant in Error, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, June 14, 1886.

CASE ADJUDGED.—A case in which the evidence and findings of the trial court are reviewed ; and, from this, this court *holds* that the trial court could have made no other finding than it did.

ERROR to Schuyler Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

Statement of case by the court.

This action was instituted in the circuit court of Schuyler county, Missouri, to recover the sum of four hundred dollars, on account of alleged injuries to live stock belonging to plaintiff, while in transit over the railroad of defendant from Downing, in Schuyler county, Missouri, to St. Louis, Missouri, on or about the fifth day of January, 1884.

It was averred in the petition, that defendant was, on said day, and is now a railway corporation, organized and existing under the laws of the state of Missouri, and on said day was owner of and engaged in *running and operating the St. Louis, Iron Mountain and Southern Railway, between the station of Downing, in*

*Schuyler county, Missouri, and the City of St. Louis, Missouri, and doing the general business of a common carrier thereon.*

The answer was a general denial, and, in addition, that plaintiff's contract was with the Wabash, St. Louis & Pacific Railway Company; that said contract was in writing and contained an agreement that plaintiff was "to present a claim, in writing, verified by his affidavit, within five days from the time said cattle were unloaded, to the general freight agent of said company, at his office in St. Louis, before claiming any damages under said contract, or suing for the same in any court."

It was further averred that said company had kept and performed all the conditions of said contract, and that plaintiff had failed to keep and perform the conditions of said contract, so undertaken by him.

The reply of plaintiff denied all the allegations in the answer of defendant, not hereinafter admitted.

For further reply, plaintiff averred that the contract pleaded by defendant, appeared upon its face to have been made with the Wabash, St. Louis & Pacific Railway Company, while it was, in truth and fact, so made for the sole and exclusive use and benefit of defendant, which was at said date the owner of and running and operating said line of railroad on its own account, and for its own exclusive use and benefit.

There was a verdict for plaintiff and defendant appeals.

H. S. PRIEST and GEO. S. GROVER, for plaintiff in error.

I.   There was a complete failure of proof as to the material allegations that the defendant owned and operated the line of railroad from Downing to St. Louis, at the time this shipment was made. *Austin v. The Huntsville Coal and Mining Co.*, 72 Mo. 535. The return of the sheriff was *prima facie* evidence only of the fact therein recited, and, therefore, conferred jurisdiction upon

the court below to hear and determine the cause. It could not be used as the sole proof of all other facts necessary to make the case, and of the material averments contained in the petition. Whart. Evid. (2 Ed.) sect. 833; *Coonce v. Munday*, 3 Mo. 374; *Carr v. Youse*, 39 Mo. 346; *Phillips v. Evans*, 64 Mo. 17.

II. There was no claim filed as required by the contract. *Dawson v. Railroad*, 76 Mo. 514; *Brown v. Railroad*, 18 Mo. App. 568.

III. The testimony in the case is wholly insufficient to authorize a recovery.

SHELTON & DYSART, for the defendant in error.

I. The proof sufficiently shows that defendant was, at the date of the injuries complained of, the owner of and operating the railroad on which the injuries occurred. Sect. 748, 749, Rev. Stat.; *Phillips v. Elwell*, 14 Ohio St. 240; *Bruce v. Holden*, 21 Pick. 187; Wharton Evid. (2 Ed.) 833; *Phillips v. Evans*, 64 Mo. 17; *Borgert v. Borchert*, 59 Mo. 80.

II. The notice, or claim for damages was served within the time prescribed by the contract, was all that it demanded as to form, and more than has been required by any adjudged case in this state. *Dawson v. Railroad*, 76 Mo. 514; *Rice v. Railroad*, 314.

III. Section 748, Revised Statutes, provides specifically what shall be service of process in this class of cases, and section 749, Revised Statutes, is equally definite as to what the officer should state in his return of service. The officer's return, in the case at bar, is in exact conformity with the provisions of the sections above cited, and is *conclusive*, not *prima facie* evidence of the truth of every recital therein contained, and the inevitable conclusions arising from them.

ELLISON, J.—As stated by defendant there are but two controlling questions in this case:

*First*, whether there is any evidence tending to show

that the St. Louis, Iron Mountain & Southern Railway Company was operating the railway over which plaintiff's cattle were transported, or in other words was the special contract pleaded and proven, the contract of the Wabash company by whom it purported to have been made, or was it the contract of the Iron Mountain company. *Second,* if the contract was the contract of the Iron Mountain company, was there a sufficient compliance with the terms thereof, wherein it was required to give sworn notice of claim for damages within five days after the cattle were unloaded.

There was no evidence introduced by defendant, save the written contract of the shipment, which, on the face thereof, was made with the Wabash, St. Louis & Pacific Railway Company, and contained a stipulation that sworn notice of loss should be given defendant within five days after the cattle should be unloaded.

For the purpose of showing that defendant was operating the railway, as alleged, and that he served the notice of loss, as required by the contract, plaintiff introduced in evidence a lease, duly recorded, from the Wabash, St. Louis & Pacific Railway Company, to defendant, for a term of ninety-nine years. And also the following return of the sheriff, on the summons in the cause:

"Executed the within writ, in the county of Schuyler, on the eighth day of April, A. D., 1884, by leaving a copy of the within summons, and a copy of the petition in the within named cause, with W. H. Gentner, station agent of the within named defendant, at Lancaster, Missouri, the president and other chief officers of defendant being absent from and not found in said county."

Also a notice to this defendant, under the statute, in which this defendant was required and notified to produce at the trial a notice of loss received by it, on or about January 12, 1884, on account of cattle shipped by plaintiff on its road on January 8, 1884. In compliance with this notice defendant produced in court and plaintiff introduced in evidence, a notice of loss, properly

sworn to and addressed "To the general freight agent of
the Wabash St. Louis and Pacific Railway Co." Plain-
tiff's testimony showed this notice was enclosed to
*defendant* by his agent, Mr. Cassidy, January 12, 1884.
Witness Dyer testified that the *defendant's* depot agent
at Glenwood Junction, while in transit between Downing
and St. Louis, refused to permit him to remove the
cattle from a small pen to a large one. I regard this
evidence as sufficient to establish *prima facie*, that de-
fendant was operating the road over which plaintiff
shipped; and that it was notified in the manner and
within the time stipulated in the contract.

There is evidence of a lease from the Wabash, St.
Louis & Pacific Railway Company to defendant; this
established the right of possession in defendant, if no
more.

The introduction of this lease in evidence was sup-
plemented by showing that the notice to produce the
claim for damages was addressed to this defendant.
That this defendant responded to that notice by pro-
ducing the claim which was addressed to the general
freight agent of the Wabash, St. Louis & Pacific Railway
Company. That this claim stated the shipment was
made over defendant's road and the damages were sus-
tained on this defendant's road, between Downing and
St. Louis, Missouri. That this notice to produce was not
only served on defendant and responded to by it, but it
specifically calls for a claim of damages occurring on
defendant's road, giving the date of shipment and the
time when defendant received the claim. Plaintiff was
permitted to introduce in evidence the return of the
sheriff on the summons in this cause.

This was admitted, I suppose, merely to show that
defendant had a station agent in Schuyler county, and
if it had been followed by evidence showing he was in
charge of a station on the line over which these cattle
were shipped, it would have been legitimate evidence in
connection with the balance, as tending to show posses-

sion and operation of the road. As it was, no harm has resulted to defendant, as, under the evidence introduced, unexplained and uncontradicted by defendant, the court could have made no other finding than it did.

The judgment is affirmed. All concur.